Thiago M. Coelho, SBN 324715
*thiago.coelho@wilshirelawfirm.com*
Chumahan B. Bowen, SBN 268136
*chumahan.bowen@wilshirelawfirm.com*
Matthew M. Macke, SBN 304551
*matthew.macke@wilshirelawfirm.com*
Jesenia A. Martinez, SBN 316969
*jesenia.martinez@wilshirelawfirm.com*
**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa Street, Sky Lobby
Los Angeles, California 90017
Telephone: (213) 381-9988
Facsimile: (213) 381-9989

*Attorneys for Plaintiffs and all others similarly situated*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GILBERTO PAREDES, ROBERT HAFSTAD, and ELIZABETH MCDOWELL, individually and on behalf of all others similarly situated<br><br>    *Plaintiffs*,<br><br>    v.<br><br>ATTOM DATA SOLUTIONS, LLC, a Delaware Limited Liability Company; and DOES 1 through 10, inclusive,<br><br>    *Defendants*. | Case No. 3:26-cv-4921<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

Plaintiffs Gilberto Paredes, Robert Hafstad, and Elizabeth McDowell (together, "Plaintiffs"), individually and on behalf of all others similarly situated (the "Class Members") assert the following allegations against Defendants ATTOM Data Solutions LLC ("ATTOM") and Does 1 through 10, inclusive (together, "Defendants"). Plaintiffs bring this action based on personal knowledge as to facts concerning themselves, and on information and belief as to all other matters, by and through the investigation of their undersigned counsel.

**I.      NATURE OF THE ACTION**

1.      This is a class action seeking to remedy ATTOM's unauthorized commercial use and disclosure of individuals' identity attributes, including names and related identifying information, in connection with ATTOM's Property Navigator subscription platform.

2.      ATTOM operates a nationwide property-intelligence platform known as Property Navigator. Through Property Navigator, ATTOM aggregates and sells property, ownership, contact, valuation, and market data to paying and prospective customers.

3.      ATTOM offers a seven-day free trial of Property Navigator to prospective customers. The free trial is not a standalone informational service; it is part of ATTOM's commercial sales funnel and is designed to demonstrate the value of the platform and convert users into paying subscribers.

4.      Through Property Navigator, ATTOM displays identifiable attributes of real persons associated with searched properties, including names, property addresses, telephone numbers, ownership information, and related identifying data.

5.      ATTOM uses those identity attributes as part of its subscription marketing strategy. By showing users the names and identifying information of real persons in property reports, ATTOM increases the perceived value of its platform and encourages users to register, continue using the service, and purchase a subscription.

6.      ATTOM's conduct is intentional and commercial. It is not incidental to any news, public affairs, or analogous public-interest function. Rather, ATTOM uses the identities of real individuals as promotional content to generate subscription revenue.

7.      ATTOM's conduct is not merely publication of property records, it is instead a marketing feature that provides individual users of Property Navigator with the names of property

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

1

owners associated with addresses searched on the Property Navigator platform only after users provide payment information to access that information during the free trial period. This process is a means to promote Property Navigator and generate revenue for the service after the free trial period ends.

8.     Instead of merely reporting public property data, ATTOM uses named individuals' identities as a subscription-conversion feature, highlighting owner names as value propositions that require payment information. This conduct essentially uses the display of named individuals' identities to induce paid access to Property Navigator. Plaintiffs and Class Members, whose identity attributes were disclosed and used by ATTOM through Property Navigator for commercial purposes without the consent required by applicable law, suffered and continue to suffer damages.

## II.    THE PARTIES

### A.    Plaintiffs

9.     Plaintiff Paredes is a natural person and citizen of the state of California, residing in Contra Costa County, California. On May 21, 2026, Plaintiff Paredes's address was searched as part of ATTOM's free trial access to Property Navigator and the results showed Plaintiff Paredes's name as owner-occupant of the property. Plaintiff Paredes did not authorize or provide consent for this use.



CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

10. Plaintiff Hafstad is a natural person and citizen of Illinois, residing Winnebago County, Illinois. On or about November 2025, Plaintiff Hafstad's address was searched as part of ATTOM's free trial access to Property Navigator and the results showed Plaintiff Hafstad's name as owner-occupant of the property. Plaintiff Hafstad did not authorize or provide consent for this use.



Plaintiff McDowell, also known as Elizabeth McWhorter, is a natural person and citizen of Alabama, residing in Cullman County, Alabama. On or about November 2025, Plaintiff McDowell's address was searched as part of ATTOM's free trial access to Property Navigator and the results showed Plaintiff McDowell's alias as owner-occupant of the property. Plaintiff McDowell did not authorize or provide consent for this use.



CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

**B.      Defendants**

11.      ATTOM is a Delaware limited liability company with its principal place of business in Irvine, California. ATTOM conducts substantial business in this District, including the operation and marketing of Property Navigator, and the challenged conduct was designed, implemented, and/or directed from California, including conduct affecting users and property records in this District.

12.      The true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue these Defendants by fictitious names. Plaintiffs will amend this Complaint to allege their true names and capacities when ascertained. Plaintiffs are informed and believe, and thereon allege, that each Doe Defendant is legally responsible in some manner for the occurrences alleged here.

## III.    JURISDICTION AND VENUE

13.      **Subject Matter Jurisdiction:** This Court has jurisdiction over this action under the Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d)(2) because this is a class action, the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs, the proposed classes include more than 100 members in the aggregate, and minimal diversity exists because Plaintiff Paredes is a citizen of Illinois and Plaintiff McDowell is a citizen of Alabama. ATTOM is a citizen of Delaware and California for CAFA purposes because it is organized under Delaware law and maintains its principal place of business in California.

14.      **Article III Standing:** Plaintiffs have suffered concrete and particularized injuries in fact. ATTOM's unauthorized use of their names and related identifying information in a commercial subscription funnel invaded legally protected interests recognized by the applicable state publicity statutes and caused concrete harm, including loss of control over the commercial use of their identities and the deprivation of the economic value associated with those identities.

15.      **Venue:** Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. § 1391(b)(2). A substantial part of the events or omissions giving rise to the claims occurred in this District, including ATTOM's operation, marketing, and design decisions concerning Property Navigator, as well as the display and use of identity attributes tied to persons and properties located in this District. ATTOM also transacts business in this District and has purposefully directed the

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

4

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

challenged conduct into this District. Plaintiff Paredes resides in this District where his property is located. ATTOM made available Plaintiff Paredes s address and name to third parties in this District that provided their payment information for a free trial of the Property Navigator platform. ATTOM markets and sells its Property Navigator platform to individuals that reside in this District.

## IV.    GENERAL FACTUAL ALLEGATIONS

### A.    ATTOM and Property Navigator

16.    ATTOM is a nationwide property-data company that provides intelligence and analytics for use by real estate, mortgage, insurance, marketing, and government sectors.[1]

17.    ATTOM curates data on millions of U.S. properties nationwide and represents that its database covers the vast majority of U.S. properties.[2]

18.    Property Navigator is a commercial subscription platform offered by ATTOM to paying users.



---

[1] ATTOM, *How ATTOM Serves Your Industry and Others: Real Estate Data Solutions for your Industry*, https://www.attomdata.com/industries/ (last accessed May 22, 2026).

[2] ATTOM, *AI-Ready Property Data*, https://www.attomdata.com/data/ (last accessed May 22, 2026).

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

19.    ATTOM offers a seven-day free trial of Property Navigator to prospective customers who have not yet subscribed to the paid product.



20.    Upon registration, users gain access to property reports that include property and ownership information, including the names of owners, occupants, buyers, sellers, and related contact information.



WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

6

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED



21.    ATTOM uses the free trial to demonstrate the breadth and utility of Property Navigator and to encourage conversion from free trial users to paid subscribers.

22.    On information and belief, before any paid subscription is purchased, prospective users can view limited property report content during the free trial, including the names of owners and related identifying information, but cannot access the full depth of ATTOM's data or certain downloadable, contact, or advanced search features unless and until they subscribe.

23.    On information and belief, ATTOM's marketing materials and pricing materials promote access to owner names, phone numbers, and related identifying information as features of Property Navigator and as reasons to upgrade from the free trial to a paid plan.

24.    On information and belief, users must provide payment information to access the free trial and are billed after the trial to continue accessing the challenged content and features.

**B.    Property Navigator Displays Identifying Attributes of Real Persons**

25.    Through Property Navigator, users can search properties using various filters, including address, owner identity, county, property type, and related criteria.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED





CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

26.     When a prospective subscriber performs a search, Property Navigator returns results that include addresses and identifying information associated with real persons.





CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017



27. Upon selecting a property, the user is taken to a report page that displays property information, including ownership information that lists the names of owners, occupants, buyers and sellers, and may also display telephone numbers and related identifying data.

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

28.    Property Navigator thus does not merely display anonymized property statistics. It discloses identifiable attributes of real individuals in connection with specific properties.

29.    Those identifying attributes are presented as part of ATTOM's overall value proposition and are used to make Property Navigator more useful and attractive to prospective subscribers.

**C.    The Free Trial Is Part of ATTOM's Commercial Sales Funnel**

30.    ATTOM's seven-day free trial is structured to provide prospective customers with limited but meaningful access to Property Navigator's features.

31.    The free trial allows users to see that Property Navigator contains not only aggregate property information, but also individual-level identity attributes tied to real property owners and other persons associated with the property.



32.    By exposing users to those identity attributes during the free trial, ATTOM demonstrates the breadth and depth of its database and shows prospective customers what they will be able to access through a paid account.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

11
CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

33. ATTOM uses the disclosure of identifying attributes as a marketing and conversion tool to induce users to upgrade from free trial access to paid access.

34. After the free trial ends, users no longer have access to the same listings and reports unless they purchase a subscription.

35. In this way, ATTOM uses the free trial to create demand for paid access by showing users the commercial value of the personal identifying information contained in Property Navigator.

36. ATTOM's disclosure and use of identity attributes is directly tied to its commercial purpose of selling subscriptions.

**D.      ATTOM Did Not Obtain the Required Consent**

37. ATTOM did not obtain prior consent from Plaintiffs before using their names and identity attributes in Property Navigator for commercial purposes.

38. ATTOM likewise did not obtain consent from the persons, including Class Members, whose names and related identifying information were displayed in Property Navigator's search results and property reports.

39. Plaintiffs and Class Members did not authorize ATTOM to use their identities in connection with ATTOM's promotional free trial materials or subscription marketing.

40. On information and belief, ATTOM maintained and used these identifying attributes as part of its proprietary database and sales funnel without the consent required by the applicable right-of-publicity statutes.

41. ATTOM's disclosure and use of those identity attributes was not incidental to any legitimate news, public affairs, or analogous purpose. Rather, it was undertaken to promote ATTOM's paid commercial product and increase subscription revenue.

**E.      Plaintiffs and Class Members Suffered Harm**

42. As a result of ATTOM's conduct, Plaintiffs and Class Members suffered injury in fact, including the unauthorized commercial appropriation and disclosure of their identities and related identifying attributes.

43. Plaintiffs and Class Members were deprived of the exclusive control over the commercial use of their identities.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

12

44.     ATTOM received the benefit of using those identity attributes to market and sell its subscription product, while Plaintiffs and Class Members received no compensation and gave no consent.

45.     ATTOM's conduct injured Plaintiffs and Class Members in a manner recognized by the applicable state publicity statutes and related protections.

V.     **CLASS ACTION ALLEGATIONS**

46.     Plaintiffs bring this action under Federal Rules of Civil Procedure 23(a), 23(b)(2) and 23(b)(3) on behalf of the following Classes:

47.     The proposed California Class is defined as: All natural persons who were citizens of California and whose names were used or displayed by ATTOM through Property Navigator to free trial users in pre-sale marketing of Property Navigator subscriptions without prior consent during the period beginning two years before the filing of this Complaint through the present.

48.     The proposed Illinois Class is defined as: All natural persons who were citizens of Illinois and whose names or other protected identity attributes were used or displayed by ATTOM through Property Navigator to free trial users in pre-sale marketing of Property Navigator subscriptions without prior written consent during the period beginning one year before the filing of this Complaint through the present.

49.     The proposed Alabama Class is defined as: All natural persons who were citizens of Alabama and whose names or other protected identity attributes were used or displayed by ATTOM through Property Navigator to free trial users in pre-sale marketing of Property Navigator subscriptions without consent during the period beginning two years before the filing of this Complaint through the present.

50.     Plaintiffs reserve the right to amend the class definitions or propose subclasses as discovery proceeds.

51.     Excluded from the Classes are Defendants, their parents, subsidiaries, affiliates, officers, directors, employees, legal representatives, heirs, successors, assigns, and any judge or judicial officer presiding over this matter and members of their immediate families.

13

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

52. *Numerosity*: The proposed Classes are so numerous that joinder of all Class Members is impractical.

53. On information and belief, ATTOM's Property Navigator platform contains identity attributes tied to thousands of individuals in each class during the class period.

54. The exact number of Class Members is uniquely within ATTOM's possession, custody, or control, but Class Members can be identified through ATTOM's databases, logs, subscriptions, search histories, and related records.

55. *Commonality*: Questions of law and fact common to the Classes include, without limitation:

a. Whether ATTOM displayed or used Class Members' identity attributes through Property Navigator for commercial purposes;

b. Whether ATTOM obtained the requisite consent before doing so;

c. Whether ATTOM's conduct violated the applicable state publicity statutes;

d. Whether ATTOM's free trial marketing and subscription funnel constitutes commercial use;

e. Whether ATTOM's conduct caused injury to Plaintiffs and Class Members; and

f. Whether Plaintiffs and the Classes are entitled to statutory damages, actual damages, injunctive relief, disgorgement, restitution, attorneys' fees, and costs.

56. These questions are capable of classwide resolution because they turn on ATTOM's standardized product design, uniform marketing practices, and common course of conduct.

57. *Typicality*: This action satifies the requirements of Rule 23(a)(3) because Plaintiffs' claims are typical of the Classes they seek to represent and arise from the same course of conduct by Defendants. The relief Plaintiffs seek are typical of the relief sought for Class Members.

58. Plaintiff Paredes's claims are typical of the claims of the California Class because he, like the California Class Members, had his name and, where applicable, likeness displayed or used by ATTOM through the same platform, in the same manner, for the same commercial purpose, and without the required consent.

14

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

59. Plaintiff Hafstad's claims are typical of the claims of the Illinois Class because he, like the Illinois Class Members, had his identity attributes displayed or used by ATTOM through the same platform, in the same manner, for the same commercial purpose, and without the required written consent.

60. Plaintiff McDowell's claims are typical of the claims of the Alabama Class because she, like the Alabama Class Members, had her identity attributes displayed or used by ATTOM through the same platform, in the same manner, for the same commercial purpose, and without the required consent.

61. Each Plaintiff's claims arise from the same practice, course of conduct, and legal theories as those of the Class Members.

62. *Adequacy*: Plaintiffs will fairly and adequately represent and protect the interests of the Classes. Plaintiffs have retained counsel with substantial experience in prosecuting consumer class actions.

63. Each named Plaintiff has no interests antagonistic to his or her respective class.

64. Plaintiffs have retained counsel experienced in complex class actions, privacy litigation, and consumer-protection cases.

65. Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Classes and have the financial resources to do so. Neither Plaintiffs nor their counsel have interests adverse to those of the Classes.

66. *Predominance*: Common questions predominate over individualized issues because ATTOM's conduct, its use of a standardized platform, and its lack of consent present common proof applicable to all class members.

67. Any individual questions are secondary and do not defeat class treatment.

68. *Superiority*: A class action is superior to individual suits because the amounts at stake for any one class member are relatively small compared to the cost of individual litigation, while ATTOM's alleged conduct affected a large number of persons in the same manner.

69. Because the damages suffered by each individual Class Member may be relatively small, the expense and burden of individual litigation would make it very difficult or impossible for

15

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

individual Class Members to redress the wrongs done to each of them individually, such that most or all Class Members would have no rational economic interest in individually controlling the prosecution of specific actions; and the burden imposed on the judicial system by individual litigation—by even a small fraction of the Classes—would be enormous, making class adjudication the superior alternative under Rule 23(b)(3)(A).

70.      Class action treatment of this matter presents far fewer management difficulties; far better conserves judicial resources, and the parties' resources; and far more effectively protects the rights of each Class Member than would piecemeal litigation. Compared to the expense, burdens, inconsistencies, economic infeasibility, and inefficiencies of individualized litigation, the challenges of managing this action as a class action are substantially outweighed by the benefits to the legitimate interests of the parties, the Court, and the public of class treatment in this Court, making class adjudication superior to other alternatives, under Rule 23(b)(3)(D).

71.      Plaintiffs are not aware of any obstacles likely to be encountered in the management of this action that would preclude its maintenance as a class action. Rule 23 provides the Court with the authority and flexibility to maximize the efficiencies and benefits of the class mechanism and reduce management challenges. The Court may, on motion of Plaintiffs, or on its own determination, certify statewide and/or multistate classes for claims sharing common legal questions; utilize the provisions of Rule 23(c)(4) to certify any particular claims, issues, or common questions of fact or law, for class- wide adjudication; certify and adjudicate bellwether class claims; and utilize Rule 23(c)(5) to divide any Class into subclasses.

72.      This action satisfies the requirements of Rule 23(b)(2), because Defendants have acted and refused to act on grounds generally applicable to each Class, thereby making appropriate final relief with respect to each Class as a whole.  ATTOM has acted on grounds generally applicable to the Classes, making declaratory and injunctive relief appropriate. Unless restrained, ATTOM will continue the challenged conduct because the platform and business model are ongoing.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

16

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

## VI.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION

### Violation of California Civil Code § 3344

(On Behalf of Plaintiff Paredes and the California Class Against All Defendants)

73.    Plaintiff Paredes, individually and on behalf of the California Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

74.    California Civil Code § 3344(a) prohibits the knowing use of another's name for purposes of advertising or selling, or soliciting purchases of products, merchandise, goods, or services, without prior consent.

75.    ATTOM knowingly used Plaintiff Paredes's and California Class Members' names in connection with Property Navigator for the express purpose of advertising, promoting, marketing, and soliciting subscriptions to ATTOM's paid products and services.

76.    ATTOM's use was intentional, commercial, and designed to generate subscription revenue by exploiting the commercial appeal of Plaintiff Paredes's and California Class Members' identities.

77.    ATTOM did not obtain prior consent from Plaintiff Paredes or California Class members to use their names in this way.

78.    ATTOM's conduct was not incidental or de minimis. It was part of ATTOM's core sales funnel and was used to induce prospective customers to purchase paid access.

79.    As a direct and proximate result of ATTOM's unlawful conduct, Plaintiff Paredes and California Class Members suffered injury, including loss of exclusive control over their identities, loss of economic value attributable to their names and the unauthorized commercial exploitation of their names.

80.    Pursuant to California Civil Code § 3344(a), Plaintiff Paredes and California Class Members are entitled to recover the greater of $750 per violation or actual damages suffered as a result of ATTOM's conduct, together with any profits attributable to the unauthorized use that are not taken into account in computing actual damages.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

17

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

81.     Plaintiff Paredes and California Class members are also entitled to punitive damages, attorneys' fees, and costs under California Civil Code § 3344(a), as well as preliminary and permanent injunctive relief restraining further unauthorized use.

82.     To the extent ATTOM's conduct involved the knowing exploitation of Plaintiff Paredes's and California Class Members' identities for commercial gain, equitable disgorgement and other relief authorized by law are also appropriate.

**SECOND CAUSE OF ACTION**

**California Common Law Right of Publicity and Quasi-Contract Restitution**

(On Behalf of Plaintiff Paredes and the California Class Against All Defendants)

83.     Plaintiff Paredes, individually and on behalf of the California Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

84.     ATTOM knowingly used Plaintiff Paredes's and California Class Members' identities for its own commercial advantage through Property Navigator, without consent and without compensation.

85.     By using Plaintiff Paredes's and California Class Members' identities to promote and monetize its subscription services, ATTOM appropriated the economic value of those identities and was unjustly enriched.

86.     Plaintiff Paredes and the California Class Members therefore seek restitution, disgorgement of ATTOM's profits attributable to the unauthorized use, and other equitable relief under California common law and quasi-contract principles.

87.     To the extent a claim labeled "unjust enrichment" is not independently cognizable under California law, this count is asserted in the alternative as a restitutionary quasi-contract claim.

**THIRD CAUSE OF ACTION**

**Violation of Illinois Right of Publicity Act, 765 Ill. Comp. Stat. 1075/1, *et seq*.**

(On Behalf of Plaintiff Hafstad and the Illinois Class Against All Defendants)

88.     Plaintiff Hafstad, individually and on behalf of the Illinois Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

18

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

89. 765 Ill. Comp. Stat. 1075/30 prohibits the knowing use of another's identity for commercial purposes without prior written consent.

90. ATTOM knowingly, intentionally, and without prior written consent used Plaintiff Hafstad's and Illinois Class Members' identities, including their names and other identifying attributes, through Property Navigator for the express purpose of advertising, marketing, promoting, and selling ATTOM's subscription services.

91. ATTOM marketed, sold, and made Property Navigator available in Illinois, including through reports tied to Illinois properties.

92. ATTOM's conduct was commercial, willful, and undertaken for pecuniary gain.

93. ATTOM did not obtain prior written consent from Plaintiff Hafstad or Illinois Class Members before using their identities in this manner.

94. As a direct and proximate result of ATTOM's unlawful conduct, Plaintiff ROBERT HAFSTAD and Illinois Class Members suffered injury, including the unauthorized appropriation of the commercial value of their identities, loss of exclusive control over the use of their identities, deprivation of the economic value associated with their personas, and other damages recognized under Illinois law.

95. Pursuant to 765 Ill. Comp. Stat. 1075/40 and 765 Ill. Comp. Stat. 1075/45, Plaintiff Hafstad and Illinois Class Members are entitled to recover the greater of actual damages, including profits attributable to ATTOM's unauthorized use, or statutory damages of $1,000, or such statutory damages as permitted under 765 Ill. Comp. Stat. 1075/40, together with punitive damages where warranted. The Court may award reasonable attorneys' fees and costs under 765 Ill. Comp. Stat. 1075/55, and any other relief the Court deems just and proper.

96. Plaintiff Hafstad and Illinois Class Members are also entitled to disgorgement of ATTOM's profits attributable to the unauthorized use, with Illinois Class members required to prove only gross revenue attributable to the unauthorized use and ATTOM required to prove properly deductible expenses, as provided by 765 Ill. Comp. Stat. 1075/45.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

19

97.     Plaintiff Hafstad and Illinois Class Members are further entitled to preliminary and permanent injunctive relief under 765 Ill. Comp. Stat. 1075/50 prohibiting ATTOM from continuing to use, display, monetize, or exploit their identities absent lawful consent.

**FOURTH CAUSE OF ACTION**

**Violation of the Alabama Right of Publicity Act, Ala. Code § 6-5-770 *et seq***

(On Behalf of Plaintiff McDowell and the Alabama Class Against All Defendants)

98.     Plaintiff McDowell, individually and on behalf of the Alabama Class, repeats and alleges all foregoing paragraphs of this Complaint as if fully alleged herein.

99.     Alabama law prohibits the unauthorized commercial use of a person's indicia of identity without consent.

100.    ATTOM knowingly, intentionally, and for commercial gain used Plaintiff McDowell's and Alabama Class Members' names and other indicia of identity through Property Navigator to advertise, market, and sell ATTOM's subscription products and services.

101.    ATTOM used Alabama Class Members' indicia of identity on or in products, goods, merchandise, or services entered into commerce in Alabama, and for purposes of advertising, selling, and soliciting purchases of ATTOM's subscription products and services, including through reports tied to Alabama properties, without consent.

102.    ATTOM did so without obtaining the consent required by Alabama law.

103.    ATTOM's conduct was willful, deliberate, and designed to exploit the economic value of Plaintiff McDowell's and Alabama Class Members' identities for ATTOM's own profit.

104.    Plaintiff McDowell and Alabama Class Members suffered injury, including the loss of control over the commercial use of their identities, unauthorized appropriation of their personas, and the deprivation of the value ATTOM extracted from their identity attributes.

105.    Pursuant to Ala. Code § 6-5-774, Plaintiff McDowell and Alabama Class Members are entitled to recover actual damages or, at their election after discovery, statutory damages of $5,000 per action, together with any profits attributable to the unlawful use, punitive damages where available, injunctive relief, and such other relief as is authorized by Alabama law.

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

20

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

106. Plaintiff McDowell and Alabama Class Members are not seeking attorneys' fees or costs unless otherwise authorized by applicable law.

## VII. <u>PRAYER FOR RELIEF</u>

Wherefore, Plaintiffs, individually and on behalf of all others similarly situated, respectfully request that the Court enter judgment against Defendants and award the following relief:

1. Certifying this action as a class action under Rule 23 and appointing Plaintiff Paredes as Class Representative of the California Class, Plaintiff Hafstad as Class Representative of the Illinois Class, and Plaintiff McDowell as Class Representative of the Alabama Class, and appointing their counsel as Class Counsel;

2. Entering judgment in favor of Plaintiffs and the Classes on all claims;

3. Awarding actual damages, statutory damages, disgorgement of profits, restitution, and all other monetary relief authorized by Rule 23(b)(3) and applicable law;

4. Awarding punitive damages to the fullest extent permitted by law;

5. Awarding pre-judgment and post-judgment interest as allowed by law;

6. Awarding reasonable attorneys' fees, costs, and litigation expenses only where authorized by applicable law;

7. Entering preliminary and permanent injunctive relief under Rule 23(b)(2) enjoining Defendant from continuing to use, display, monetize, or exploit Plaintiffs' and the Classes' identities and names without lawful consent;

8. Entering declaratory relief under Rule 23(b)(2) declaring Defendants' challenged conduct unlawful; and

9. Granting such other and further relief as the Court deems just and proper.

Dated: May 22, 2026

Respectfully submitted,

**WILSHIRE LAW FIRM, PLC**

*/s/ Jesenia A. Martinez*
Thiago M. Coelho
Chumahan B. Bowen
Matthew M. Macke
Jesenia A. Martinez

*Attorneys for Plaintiffs and all others similarly situated*

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED

WILSHIRE LAW FIRM, PLC
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

## DEMAND FOR JURY TRIAL

Plaintiffs, on behalf of themselves and all others similarly situated, hereby demand a jury trial for all claims so triable.

Dated:  May 22, 2026

Respectfully submitted,

**WILSHIRE LAW FIRM, PLC**

*/s/ Jesenia A. Martinez*
Thiago M. Coelho
Chumahan B. Bowen
Matthew M. Macke
Jesenia A. Martinez

*Attorneys for Plaintiffs and all others similarly situated*

**WILSHIRE LAW FIRM, PLC**
660 S. Figueroa St., Sky Lobby
Los Angeles, CA 90017

22

CLASS ACTION COMPLAINT; JURY TRIAL DEMANDED